**Chuong Van PHAM, an individual; Heliodoro Lara, an individual, Plaintiffs–Appellants,**

v.

**CITY OF SEATTLE, Seattle City Light, Defendant–Appellee.**

Nos. 99–35728, 99–36002.

D.C. No. CV–97–00925–DEW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 6, 2001.

Decided March 16, 2001.

Before PREGERSON, THOMAS, and GOULD, Circuit Judges.

### MEMORANDUM *

Appellants Chuong Van Pham ("Pham") and Helodoro Lara ("Lara") appeal the district court's grant of summary judgment on their claims of discrimination and retaliation based on race and national origin against the City of Seattle ("Seattle"). Pham individually appeals summary judgment on his claim of harassment, and plaintiffs appeal the district court's taxation of costs against them. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here except as is necessary to explain our decision. We have jurisdiction

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

pursuant to 28 U.S.C. § 1291. We review a grant of summary judgment de novo. *Weiner v. San Diego County*, 210 F.3d 1025, 1028 (9th Cir.2000). We affirm in part and reverse in part.

## I

 The district court correctly granted summary judgment on the retaliation claims. The prima facie case in a retaliation claim includes proof that (1) the plaintiff engaged in protected activity, (2) after doing so, he was subjected to adverse employment action by his employer, and (3) a causal connection exists between the two events. *Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir.1982). Causation is established when the plaintiff can show that (1) the employer knew about the protected activity, and (2) the two events were sufficiently related in time to establish a retaliatory motive. *Miller v. Fairchild Industries, Inc.*, 797 F.2d 727, 731–32 (9th Cir.1986).

 Pham's claim fails for lack of causation. The alleged retaliation occurred a decade after Pham engaged in the protected activity—too temporally removed to establish a prima facie case of retaliatory motive. Lara's claim fails on the pleadings. Lara did not allege he was denied hiring in retaliation for engaging in protected activity; rather he alleges he was not hired due to age and national origin discrimination. His overtime claims were abandoned on appeal.

## II

 The district court properly dismissed Pham's harassment claim for lack of jurisdiction. Under Title VII, a plaintiff must exhaust his administrative remedies before filing a lawsuit. *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir.1994). Further, "the jurisdictional scope of a Title VII claimant's court action depends upon the scope of both the EEOC charge and

the EEOC investigation." *Id.* (quoting *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir.1990)). Pham's EEOC complaint alleged that he was discriminated against because of his race, national origin, and age. It did not contain any factual or legal allegations of harassment that he now alleges in his lawsuit. Thus, he has not exhausted his administrative remedies as to his harassment claim, and the district court properly dismissed it.

## III

Genuine issues of material fact preclude summary judgment on the plaintiffs' disparate treatment claims. In assessing the appropriateness of a summary judgment grant, we must view the evidence in the light most favorable to the nonmoving party. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.2000) (en banc).

We examine the plaintiffs' claims under the familiar burden-shifting analysis enunciated by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–805, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The plaintiffs established a prima facie case. Both Pham and Lara were members of a protected class. They were qualified for the positions for which they applied, but were not hired. Pham and Lara tendered sufficient evidence from which an inference of discrimination might be drawn. In response, Seattle articulated a legitimate, non-discriminatory reason for selecting other employees: Pham's and Lara's lower performance on test scores.

 Thus, the salient issue is whether Pham and Lara have offered sufficient evidence to create a genuine issue of material fact as to whether Seattle's explanation was pretextual. Viewing the evidence in the light most favorable to the plaintiffs, we conclude there are genuine issues of material fact on the issue of pretext. Plaintiffs have tendered evidence that Seattle did not follow its own affirmative

action plan, nor its own normal procedures, in selecting employees for the positions. Further, plaintiffs introduced evidence of discriminatory statements made by some persons participating in the decision. These factual contentions, in addition to others proffered by the plaintiffs, are sufficient to establish genuine issues of material fact concerning pretext. Thus, the entry of summary judgment on these claims was not appropriate.

## IV

The district court taxed costs in the amount of $3,503.67 against the plaintiffs. Because we remand this case on the plaintiffs' claims of intentional discrimination, the cost award is hereby vacated.

Each party shall bears its own costs on appeal.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.